**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 3:10-CR-047-RCJ-RAM |
| v. ) | |
| ) | |
| REGINALDO CORTEZ DELOSSANTOS, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Currently before the Court is a Motion for District Judge to Reconsider Order (#40) filed by Plaintiff the United States of America ("Government") on January 25, 2011. Also before the Court is a Motion for New Trial (#43) filed by Defendant Reginaldo Cortez Delossantos ("Defendant").

**BACKGROUND**

Defendant was convicted on September 30, 2010, by a jury verdict of unlawful destruction of mail by a postal employee, in violation of 18 U.S.C. § 1703(a). On January 18, 2011, the Court sentenced Defendant to one year probation. At a hearing on January 19, 2011, the Court vacated that sentence and ordered a new trial. The Court agreed to set the new trial date in March in order to give the Government time to decide whether to appeal the Court's decision.

On January 25, 2011, rather than appealing the order, the Government filed a Motion for District Judge to Reconsider Order (#40). In its motion, the Government states that a district court lacks authority to grant a new trial upon its own motion. (Mot. to Reconsider (#40)). Because the court lacks authority to *sua sponte* grant a new trial, the Government states that the Court should vacate its January 19, 2011 order and reinstate the sentence it imposed on January 18, 2011.

In response, Defendant filed a Motion for New Trial (#43) on February 10, 2011. In his motion, Defendant "respectfully requests that this Court vacate any judgment to be imposed and grant a new trial

in the interests of justice." (Mot. for New Trial (#43) at 1). According to Defendant, a new trial is warranted on the grounds of newly discovered evidence not provided by the Government until February 7, 2011.[1] *Id.*

## DISCUSSION

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Federal Rule of Criminal Procedure 29 provides that "[i]f the court enters a judgment of acquittal after a guilty verdict, the order must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed." Fed. R. Crim. P. 29(d)(1).

In *United States v. Navarro Viayra*, the Ninth Circuit considered whether a district court had authority, under either Rule 33 or Rule 29, to order a new trial absent a request from the defendant. 365 F.3d 790, 791 (9th Cir. 2004). According to that court, Rule 29 "prohibits a *sua sponte* conversion of a motion to acquit into a motion for a new trial." *Id.* at 795. The court further held that "Rule 33 precludes a district court from granting a new trial on its own motion." *Id.* "Taken together," the Ninth Circuit held that "the rules permit a judge to order a new trial only in response to a defendant's motion." *Id.*

Here, the Court initially ordered a new trial *sua sponte*.[2] Under Ninth Circuit authority, it appears that the Court lacked authority to enter this order absent a motion for new trial be Defendant. At the time the Government filed its motion to reconsider, Defendant had not moved for a motion for new trial. However, on February 10, 2010, Defendant filed a motion for new trial on the grounds of newly

---

[1] The newly discovered evidence is photographs of inside the dumpster where Defendant was alleged to have thrown three pieces of mail. According to Defendant, he would have testified at trial that he did in fact throw items into the trash dumpster, but not torn pieces of mail. At trial, two Government witnesses stated that the trash dumpster was completely empty except for the torn mail. However, the photographs show that other items were in the dumpster including items of trash Defendant claims he threw in there. Thus, Defendant states that the photographs (which were not provided to Defendant until February 7, 2011) would corroborate the proposed testimony of Defendant as well as impeach the testimony of the two government witnesses.

[2] In *Navarro Viayra*, the court also granted a new trial *sua sponte*. *Id.* at 793. The court in that matter reasoned that it had authority to grant a new trial because the rules do not explicitly preclude it from doing so. *Id.* The Ninth Circuit, in reviewing this order, stated that although the "district court's logic and sentiment are understandable, especially in light of its evaluation of the evidence . . . the language and structure of the rules preclude such a *sua sponte* conversion." *Id.*

discovered evidence.[3] Because Defendant has filed a motion for new trial, the Court grants Defendant's motion and denies the Government's motion as moot. Although the Court did not have discretion to order a new trial *sua sponte* under *Navarro Viayra*, the Court may now order the new trial based on Defendant's motion.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion for New Trial (#43) is GRANTED.

IT IS FURTHER ORDERED that the Government's Motion to Reconsider (#40) is DENIED as moot.

DATED: This 1st day of April, 2011.

_____
United States District Judge

---

[3] Defendant's motion is timely pursuant to Federal Rule of Criminal Procedure 33(b). According to that rule, "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty."